UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IRMA N. GARCIA                                             CIVIL ACTION

VERSUS                                                     No. 12-1863

HOUSING AUTHORITY OF NEW                                   SECTION I
ORLEANS

## ORDER AND REASONS

Before the Court is a motion[1] filed by defendant, Housing Authority of New Orleans ("HANO"), to dismiss certain claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff, Irma N. Garcia ("Garcia"), *pro se*, has filed an opposition.[2] For the following reasons, the motion is **DENIED**.

### *BACKGROUND*

Garcia filed this lawsuit against her former employer, HANO, generally alleging that she was terminated from her position as the Director of Human Resources in violation of the U.S. Constitution and Title VII of the Civil Rights Act of 1964.[3] Among other things, Garcia alleges that HANO attempted, on several occasions, to demote and terminate her based on inaccurate performance evaluations.[4] Garcia claims that HANO used the inaccurate performance evaluations as a pretext for its attempts to place a male employee in the director's position.[5] Garcia further alleges that HANO's several unsuccessful attempts to demote and terminate her

---

[1] R. Doc. No. 13.

[2] R. Doc. No. 16.

[3] R. Doc. No. 12

[4] *Id.* at ¶¶ 28-63.

[5] *Id.* at ¶¶ 28-34, 81-97.

resulted in retaliation, denial of certain benefits, and a hostile work environment.[6] Garcia claims that HANO finally succeeded in terminating her employment when the Secretary of HUD issued a Determination Notice that HANO was exempted from the Louisiana Civil Service rules that had previously protected her employment.[7]

On October 29, 2012, HANO filed this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[8] HANO contends that the Eleventh Amendment bars plaintiff's section 1983 claims and any state law claims she may have pled.[9] HANO also contends that it is not a "person" that may be sued for damages under section 1983.[10] Finally, HANO contends that plaintiff has failed to state a claim for hostile work environment based on gender or age.[11] Garcia responds that the motion should be denied because HANO has not met its burden as required by Federal Rule of Civil Procedure 12(b)(6).[12]

## STANDARD OF LAW

**I. Federal Rule of Civil Procedure 12(b)(1)**

Although HANO brought this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "[b]ecause sovereign immunity deprives the court of jurisdiction, [a] claim[] barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." *Warnock v. Pecos County, Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). A motion to

---

[6] *Id.* at ¶¶ 35-78.

[7] *Id.* at ¶¶ 68-75.

[8] R. Doc. No. 13.

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] R. Doc. No. 16.

2

dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction should be granted "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). To assess whether subject matter jurisdiction exists, this Court may look to the complaint and the undisputed facts in the record. *See id.* When analyzing the complaint, this Court will take the allegations in the complaint as true. *Sawar P'ship v. United States*, 67 F.3d 567, 569 (5th Cir. 1995). Because the burden of proof on a motion to dismiss for lack of subject matter jurisdiction is on the party asserting jurisdiction, plaintiff "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161 (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

## II. Federal Rule of Civil Procedure 12(b)(6)

To the extent that HANO's motion is not grounded on a theory of sovereign immunity, it is properly analyzed under Federal Rule of Civil Procedure 12(b)(6). A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007); *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007). As the Fifth Circuit explained in *Gonzalez v. Kay:*

> "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* --- U.S. ---, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955, 167 L.Ed.2d 929). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3

> defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey,* 197 F.3d at 774; *Lowrey v. Tex. A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v. McMillan,* 308 Fed. Appx. 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986)). "Still, it is well-established that *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461-62 (5th Cir. 2010) (internal quotation marks and citation omitted).

## *DISCUSSION*

### I. Eleventh Amendment Immunity and Section 1983 Liability

HANO contends that it is a political subdivision of the State of Louisiana and, as such, the Eleventh Amendment bars Garcia's section 1983 claims and any state law claims which may have been pled in her complaint. The Eleventh Amendment of the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The sovereign immunity recognized by the Eleventh Amendment is jurisdictional. *Cozzo v. Tangipahoa Parish*, 279 F.3d 273, 280 (5th Cir. 2002). The Supreme Court has interpreted this amendment to bar citizens from suing their own states as well as other states. *United States v. Texas Tech Univ.*, 171 F.3d 279, 289 (5th Cir. 1999) (citing *Hans v. Louisiana*, 134 U.S. 1, 10 S. Ct. 504, 33 L. Ed. 842 (1890)). The Eleventh Amendment bars a lawsuit against a state for both money damages and injunctive relief. *Cozzo*, 279 F.3d at 280–81; *see also Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100, 89 S. Ct. 900, 908, 79 L. Ed. 2d 67 (1984) (holding that the jurisdictional bar of the Eleventh Amendment "applies regardless of the nature of the relief sought"); *Briggs v. Mississippi*, 331 F.3d 499, 503 (5th Cir. 2003) ("[T]he Eleventh Amendment bars suit against a state or state entity, as opposed to a state official, regardless of whether money damages or injunctive relief is sought . . . .") (internal quotation and citation omitted). Moreover, "[e]ven in cases where the State itself is not a named defendant, the State's Eleventh Amendment immunity will extend to any state agency or other political entity that is deemed the 'alter ego' or an 'arm' of the State." *Vogt v. Board of Commissioners of the Orleans Levee District*, 294 F.3d 684, 688-89 (5th Cir. 2002) (citing *Regents of the Univ. of California v. Doe,* 519 U.S. 425, 429, 117 S. Ct. 900, 903–04, 137 L. Ed. 2d 55 (1997)).

The Fifth Circuit employs the following six-factor test to determine whether an entity is an arm of the state such that it is entitled to sovereign immunity:

> 1. Whether the state statutes and case law view the agency as an arm of the state;
>
> 2. The source of the entity's funding;
>
> 3. The entity's degree of local autonomy;
>
> 4. Whether the entity is concerned primarily with local as opposed to statewide problems;

> 5. Whether the entity has the authority to sue and be sued in its own name;
>
> 6. Whether the entity has the right to hold and use property.

*Vogt v. Board of Commissioners of the Orleans Levee District*, 294 F.3d 684, 688-89 (5th Cir. 2002). "No one factor is dispositive, though . . . the source of an entity's funding a particularly important factor because a principal goal of the Eleventh Amendment is to protect state treasuries." *Perez v. Region 20 Educ. Service Center*, 307 F.3d 318, 326 -327 (5th Cir. 2002).

On at least two prior occasions, other sections of this Court have balanced the above factors and rejected HANO's argument that it is entitled to Eleventh Amendment immunity as an arm of the state. *See Kenyatta-Bean v. Housing Authority of New Orleans*, No. 04-2592, 2005 WL 3543793 (E.D. La. Nov. 18, 2005) (Lemmon, J.); *Norris v. Housing Authority of New Orleans*, No. 02-468, 2003 WL 22384936 (E.D. La. Oct. 16, 2003) (Chasez, Mag. J.); *see also Housing Authority of City of New Iberia v. Axis Surplus Ins. Co.*, No. 08-0020, 2008 WL 731205 (W.D. La. Mar. 17, 2008) (Hill, Mag. J.) (holding that the Housing Authority of the City of New Iberia is not an arm of the state for the same reasons that HANO is not an arm of the state).

Demonstrating, at best, a lack of professionalism and scholarship, HANO does not cite these decisions in its memoranda or offer any evidence or argument to distinguish them. Counsel failed to cite these cases despite the fact that he represented HANO in both *Norris* and *Kenyatta-Bean*. Rather, HANO cites two cases holding that it is a political subdivision of the State, which is relevant only to the first factor. *See Walker v. Woods*, No. 10-4267, 2011 WL 2637328, at n.10 (E.D. La. July 6, 2011) (Africk, J.); *Kohler v. Housing Authority of New Orleans*, 812 So. 2d 851, 853-54 (La. Ct. App. 4th Cir. 2002). However, HANO does not raise the six-factor test in its motion, argue that any of the factors weigh in its favor, or come forward with any evidence concerning the source of its funding, the degree of its local autonomy, or any

other relevant factor. *See Norris*, 2003 WL 22384936 at *2 (noting that HANO had not "attempted to fit itself into any of the aforementioned six factors," and had not presented "through affidavit or otherwise . . . facts which establish it as an alter ego of the State of Louisiana"); *Kenyatta-Bean*, 2005 WL 3543793, at *3 (same). In the absence of either argument or evidence to suggest that a contrary result should obtain in this case, this Court sees no reason to disagree with the reasoning in *Norris* and *Kenyatta-Bean*, which it finds persuasive.

Specifically, although there may be some dispute with respect to the first factor,[13] this Court agrees with the reasoning in *Norris* and *Kenyatta-Bean* that the remaining factors suggest that HANO is not an arm of the state such that it is entitled to sovereign immunity. As noted in *Norris* and *Kenyatta-Bean*, the Louisiana Revised Statutes specifically provide that the State is not responsible for "the debts or liabilities of any local housing authority or regional housing authority."[14] The legislative framework provides that municipal housing authorities are permitted to operate only within "the municipality and the area within ten miles from the territorial boundaries thereof."[15] HANO has the statutory power to "[s]ue and, subject to the limitations, privileges, and immunities provided by applicable law, be sued."[16] It is also empowered to "plan,

---

[13] In *Norris*, the court reviewed the pertinent Louisiana Revised Statutes and found that "legislation is present which indicates that, in fact, HANO does not qualify as an entity to which sovereign immunity is applicable." *Norris*, 2003 WL 22384936, at *2 (citing *Kohler v. Housing Authority of New Orleans*, 812 So.2d 851, 853 (La. Ct. App. 4th Cir. 2002)). The court appears to have based its finding, in part, on the conclusion that, pursuant to La. R.S. § 13:5102, HANO is merely a "political subdivision" rather than a "state agency." *See id.* In *Kenyatta-Bean*, however, the Court reached the opposite conclusion when finding that state statutes and decisions view HANO as an arm of the state. *Kenyatta-Bean*, 2005 WL 3543793, at *3 (citing La. R.S. § 40:384(16), which defines a local housing authority as a "public body, corporate and politic" that is "a political subdivision of this state.").

[14] La. R.S. § 40:403 provides as follows: "Except to the extent the municipality or parish may expressly elect to undertake such liability, neither the municipality or parish with respect to which a local housing authority is established, nor any municipality or parish participating in a regional housing authority, nor the state, nor any other public agency of this state shall be responsible for the debts or liabilities of any local housing authority or regional housing authority."

[15] La. R.S. § 40:396(A).

[16] La. R.S. § 40:431(C)(2).

7

prepare, carry out, develop, construct, acquire, improve, reconstruct, renovate, rehabilitate, enlarge, reduce, alter, manage, own, lease, and operate housing, housing projects or developments, or any portions of housing projects or developments, and nonresidential and mixed-use facilities."[17] Each of these suggests that HANO is not an arm of the state under the six-factor balancing test.

The Court similarly finds that HANO has failed to show that it is not a "person" subject to liability under section 1983.[18] Although the six-factors discussed above are generally used to determine the scope of state sovereign immunity under the Eleventh Amendment, they are also relevant in determining the scope of a "person" subject to liability under section 1983. *See Encalarade v. New Orleans Center for Creative Arts/Riverfront*, No. 09-4129, 2010 WL 2854275, at *2 & n.22 (E.D. La. July 19, 2010) (Vance, J.) (weighing the six factors to determine whether NOCCA is a "person" for the purposes of section 1983). As previously stated, HANO failed to show that the factors support its position that it is an arm of the state. HANO has also failed to establish that it is not a "person" for the purposes of section 1983.

## II. Hostile Work Environment

HANO argues that plaintiff's hostile work environment claims must be dismissed for failure to state a claim upon which relief can be granted. HANO contends that Garcia's

---

[17] HANO is also endowed with "all powers necessary, convenient, or desirable in carrying out the purposes of [the Louisiana Housing Authorities Law], exercising any power provided [therein], and engaging in any activity related to furthering the purposes of [the Louisiana Housing Authorities Law]." La. R.S. § 40:431(A). "Such powers shall include but shall not expressly be limited to the powers enumerated in this Section or stated elsewhere in this Chapter or in other applicable law." *Id.*

[18] 42 U.S.C. § 1983 provides as follows: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

complaint contains only conclusory allegations that fail to show that she was subjected to unwelcomed age or gender harassment. HANO also contends that the allegations in Garcia's complaint are conclusory and fail to plausibly show that her work environment was hostile or abusive.

To state a claim for relief under Title VII for gender discrimination based on a theory of a hostile work environment, a plaintiff must prove (1) that she belongs to a protected class, (2) that she was subject to unwelcome harassment, (3) that the harassment was based on sex, (4) that the harassment affected a term, condition or privilege of employment, and (5) that the employer knew or should have known about the harassment and failed to take prompt remedial action. *Nash v. Electrospace System, Inc.*, 9 F.3d 401, 403 (5th Cir. 1993). Although Garcia's complaint centers mostly around allegations of gender discrimination, the Court notes that her complaint also contains allegations relating to age discrimination. *See* R. Doc. No. 12, at ¶¶ 2, 52, 98. To the extent that she is asserting hostile work environment claims pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), the Fifth Circuit requires her to show that "(1) [she] was over the age of 40; (2) the employee was subjected to harassment, either through words or actions, based on age; (3) the nature of the harassment was such that it created an objectively intimidating, hostile, or offensive work environment; and (4) there exists some basis for liability on the part of the employer." *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 440-41 (5th Cir. 2011).

In this case, while the Court agrees that plaintiff's *pro se* complaint is not a model of clarity, "it is well-established that *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461-62 (5th Cir. 2010) (internal quotation marks and citation omitted). Plaintiff has sufficiently alleged

9

factual matter that places HANO on notice of her claims and plausibly states a claim upon which relief can be granted. As the cases HANO relies upon suggest, resolution of the issues raised in this motion may be more appropriate on a motion for summary judgment after an opportunity for discovery. *See Derouen v. Carquest Auto Parts*, No. 01-30369, 2001 WL 1223628 (5th Cir. Sept. 24, 2001) (unpublished) (affirming summary judgment in hostile work environment case); *Shepherd v. Comptroller of Public Accounts of State of Texas*, 168 F.3d 871 (5th Cir. 1999) (affirming summary judgment in hostile work environment case); *Govson v. Potter*, No. 05-1942, 2007 WL 1428630 (E.D. La. May 10, 2007) (Duval, J.) (granting summary judgment in hostile work environment case), *aff'd* 2008 WL 276309 (5th Cir. Jan. 31, 2008); *see also Harrell v. Orkin*, No. 11-1886, R. Doc. No. 11 (E.D. La. Sept. 13, 2011) (Africk, J.) (denying motion to dismiss hostile work environment claims). Accordingly, the Court does not find that Garcia's hostile work environment claims should be dismissed at this time.

## *CONCLUSION*

For the foregoing reasons,

**IT IS ORDERED** that HANO's motion to dismiss is **DENIED**.

New Orleans, Louisiana, January 23, 2013.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

10