UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IRMA N. GARCIA** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-1863** |
| **HOUSING AUTHORITY OF NEW ORLEANS** | **SECTION I** |

### ORDER

Before the Court is a motion[1] for reconsideration filed by defendant, Housing Authority of New Orleans ("HANO"). Plaintiff, Irma N. Garcia ("Garcia"), has recently obtained counsel and seeks leave to file a response after the deadline set forth in the Local Rules.[2] The Court having carefully considered the memoranda submitted by the parties and the law,

**IT IS ORDERED** that plaintiff's motion for an extension of time to file a response (R. Doc. No. 32) and motion to expedite (R. Doc. No. 29) are **GRANTED**.

**IT IS FURTHER ORDERED** that the motion for reconsideration is **DENIED**. HANO has neither met the standard for reconsideration nor shown that reconsideration is necessary to correct manifest errors of law or fact. First, HANO's motion for reconsideration is rejected to the extent it argues that the Eleventh Amendment analyses in *Norris* and *Kenyatta-Bean* are distinguishable because the claims were based on the ADEA and the FLSA rather than other federal rights made actionable under section 1983. Second, although the Fifth Circuit has broadly stated that "states and their political subdivisions are not 'persons' within the meaning of 42 U.S.C. § 1983," *see Cheramie v. Tucker*, 493 F.2d 586, 587 (5th Cir. 1974), the U.S. Supreme

---

[1] R. Doc. No. 13.

[2] R. Doc. Nos. 29, 32, 33.

1

Court has since held that the logic underlying that principle "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 70, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). *See also Indep. Enters. Inc. v. Pittsburgh Water and Sewer Auth.*, 103 F.3d 1165, 1172-75 (3d Cir. 1997); *Harter v. Vernon*, 101 F.3d 334, 338 n.1 (4th Cir. 1996); Lloyd *D. Alkire v. Irving*, 330 F.3d 802, 812 n.7 (6th Cir. 2003).[3]  Accordingly, HANO has not shown that this Court should reconsider its previous rulings that (1) HANO is not an arm of the state; (2) HANO is not entitled to Eleventh Amendment immunity; and (3) HANO is a "person" for the purposes of section 1983.

New Orleans, Louisiana, March 5, 2013.

_____
                                    **LANCE M. AFRICK**
                                    **UNITED STATES DISTRICT JUDGE**

---

[3] The Court further notes that the Fifth Circuit's broad statement in *Cheramie* was supported, in part, on U.S. Supreme Court precedent that has now been overruled.  *See Cheramie*, 493 F.2d at 587 (citing *Monroe v. Pape,* 365 U.S. 167, 81 S. Ct. 473, 5 L. Ed. 2d 492 (1961)).

2