UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IRMA N. GARCIA** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-1863** |
| **HOUSING AUTHORITY OF NEW ORLEANS, ET AL.** | **SECTION: "I" (4)** |

## ORDER

Before the Court is Plaintiff, Irma Garcia's ("Garcia"), **Motion to Compel Answers to Plaintiff's First Set of Interrogatories and Production Requests and to Have Requests for Admissions Deemed Admitted (R. Doc. 79)**, seeking an order compelling Defendant, Housing Authority of New Orleans, ("HANO") to respond to the first set of interrogatories, with more sufficient and adequate answers, and to have the admissions deemed admitted. (R. Doc. 79). The motion was opposed. (R. Doc. 91). The underlying motion was heard by oral argument on August 21, 2013.

**I.     Background**:

In this Title VII case, Garcia alleges that she was formerly the Human Resources Manager and the Director of Human Resources for HANO. (R. Doc. 47). Garcia alleges that HANO attempted to use inaccurate performance evaluations as a pretext for its justification to demote her and place a male employee in the director position. *Id. See also* (R. Doc. 21). She alleges that her

demotion and ultimate termination from her position as the Director of Human Resources was in violation of Title VII, the Age Discrimination in Employment Act, ("ADEA"), and 42 U.S.C. § 1983. (R. Doc. 47). Garcia alleges hostile work environment, disparate treatment on the basis of age and sex, retaliation and retaliatory discharge under Title VII and the ADEA; denial of due process and equal protection; violations under 42 U.S.C. § 1983; and violations of Louisiana state law under the theories of breach of contract and unjust enrichment. *Id.*

As to the instant motion, Garcia argues that it propounded discovery requests on HANO via email on June 4, 2013. (R. Doc. 91). HANO allegedly responded to the Requests for Admissions on July 3, 2013, and to the Interrogatories and Requests for Production of Documents on July 5, 2013. *Id.* Garcia argues that the responses to several of the Interrogatories and Requests for Production were inadequate and non-responsive. (R. Doc. 91). Garcia alleges that it attempted to contact HANO several times prior to filing the Motion to Compel regarding the deficiencies, but received no response. *Id.* After no response was received, HANO filed this Motion to Compel on August 2, 2013. (R. Doc. 79).

**II.     Standard of Review**

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc.*

*v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.* at 26(b)(2)(C)(iii).

Rule 33 permits a party to propound upon another party up to 25 written interrogatories, including discrete supbarts. Fed. R. Civ. P. 33(a)(1). The responding party must serve its answers and any objections within 30 days after service. *Id.* at (b)(2)(A). "Discrete subparts" are not defined by Fed. R. Civ. P. 33(a), but the Advisory Committee Notes provide some guidance, stating that:

> Parties cannot join as '**subparts**' questions that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such questions.

*United States v. Louisiana,* No. 11-470, 2012 WL 3726754, at 3 (M.D. La. Aug. 27, 2012) (emphasis added). Under the "discrete subparts" rule, the Court "retains discretion to compel requested discovery when the request far exceeds the bounds of fair discovery, even if a timely objection has not been made." *Anzalone v. Sears Roebuck and Co.,* No. 12-2950, 2013 WL 2456213, at *2, n.3

3

(E.D. La. June 4, 2013); *citing Amir Athletic, LLC v. State Farm First and Casualty Co.,* No. 11-2082, 2012 WL 520658, at *2 (E.D. La. Feb. 16, 2012). Furthermore, each interrogatory, to the extent it is not being objected to, must be answered separately and fully in writing under oath. Fed. R. Civ. P. 33 (b)(3). If any objections are stated, they must be stated with specificity. *Id.* at (b)(4).

Rule 33(d) provides that if the answer to an interrogatory can be determined by "examining ... (or) compiling a party's business records, and if the burden of … ascertaining such answer is substantially (similar) for either party, the responding party may answer by: specifying in the records… in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." *Id.* at 33(d)(emphasis added).

Rule 34 provides that a party may request another party to produce "any designated documents or electronically stored information ... stored in any medium from which information can be obtained." *Id.* at 34(a)(1)(A). This request "must describe with reasonable particularity each item or category of items to be inspected." *Id.* at 34(b)(1)(A). "The party to whom the request is directed must respond in writing within 30 days after being served." *Id.* at 34(b)(2)(A). "For each item or category, the response must either state that inspection ... will be permitted as requested or state an objection to the request, including the reasons." *Id.* at 34(b)(2)(B). Although Rule 34 does not provide that untimely objections are waived, the Fifth Circuit has found that the waiver provision applies equally to Rule 34. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989).

Rule 36 provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Rule 36 further provides that if a matter is not admitted, the answer must specifically "deny it or state in


detail why the answering party cannot truthfully admit or deny it." *Id.* at 36(a)(4).  If a party's answer or objection is unsatisfactory to the requesting party, Rule 36 permits that party to file a motion with the court to determine the sufficiency of the answer or objection.  *Id.* at 36(a)(6).

Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection.  This motion may be made if: . . . (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to respond that inspection will be permitted - or fails to permit inspection - as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B).  Rule 37 further requires that all discovery motions "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* at 37(a)(1).

Additionally, "[i]f the motion is granted—or if the ... requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the Court finds that the opposing party's nondisclosure was "substantially justified, or that other circumstances make an award of expenses unjust." *Id.* at 37(a)(5)(A).  Rule 37 sanctions are ultimately guided by the purpose of reimbursing the movant and deterring further discovery violations. *See Day v. Allstate Insurance Co.,* 788 F.2d 1110, 1114 (5th Cir. 1986).

**III.   Analysis**

As to the instant motion, Garcia seeks to compel the following discovery:  Interrogatories Nos. 2, 7, 8, 9, 11, 12; and Requests for Production Nos. 1, 2, 6, 7, 9. (R. Doc. 79-1).  Garcia also seeks an order deeming all admissions admitted, and awarding attorney fees and the costs

associated with bringing this motion.  *Id.*

HANO argues they were propounded discovery on June 4, 2013 via email.  (R. Doc. 91). HANO argues that it responded to Garcia's requests on July 5, 2013.  (R. Doc. 91).  Garcia argues that in most of the disputed discovery HANO's responses were in bad faith or non-responsive. (R. Doc. 79-1).  In opposition, HANO argues that Garcia's requests were vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.  (R. Doc. 91-5).

The specific responses at issue in the motion were dealt with in turn.

### 1.     Request for Production No. 1

Garcia's motion sought to compel Request for Production ("RFP") No. 1, which sought production of all complaints and exhibits related to Interrogatory No. 1.  Interrogatory No. 1 and seeks the listing of witnesses by age, race, and gender along with the scope of their intended testimony, including prior EEO complaints.  (R. Doc. 91-5).

HANO initially responded that it was looking for documents. It then later responded that it had none. *Id.*

In reviewing the matter, the Court finds that RFP No. 1 is denied to the extent that HANO's responses identified the witnesses and their testimony in accordance with the scheduling order issued by the District Judge. The Court noted that HANO's obligation to identify witnesses is controlled by the scheduling order. As such, the request to produce responsive documents regarding witnesses was premature, and the response was otherwise adequate.

Garcia also sought production of any EEO Complaints filed against HANO by any of the witnesses included in HANO's response to Request No. 1.  To the extent any EEO complaints no longer existed, Garcia sought to determine when and how they were destroyed.  HANO argues that

many of these witnesses no longer work for it, and it no longer possessed these files.

In considering the arguments of counsel, the Court finds that Garcia's initial request for all EEO complaints is overbroad.  The Court finds that to the extent that any witnesses filed a similar age or gender discrimination complaint against HANO, and that HANO should perform another search of the personnel files.

### 2.      Request for Production No. 2 / Interrogatory No. 2

Garcia's motion sought to compel Request for Production ("RFP") No. 2.  (R. Doc. 79-1). RFP No. 2 sought the production of all complaints and exhibits for any discrimination complaint with similar allegations related to Interrogatory No. 2.  The corresponding interrogatory sought the listing, description and disposition of any and all similar cases filed against HANO within the last five years.  (R. Doc. 91-5).

HANO responded that it was actively searching for responsive documents. However, it failed to supplement its response.

After considering the parties arguments, the Court finds that HANO's answer, as written, was not acceptable, and the ordered it to supplement its response no later than **fifteen** (15) **days** of the issuance of this Order.

### 3.      Request for Production No. 6 / Interrogatory No. 7

Garcia's motion sought to compel Request for Production ("RFP") No. 6 which sought letters memos, notes, records, logs, and investigatory records related to Interrogatory Nos. 6 and 7.

Interrogatory No. 6 sought all work "assignments" given to Dan Fornerette during his employment at HANO, and No. 7 sought other "assignments or job positions" that existed concurrently with those identified in No. 6.  (R. Doc. 91-5).

In response, HANO produced Mr. Fornerette's personnel file, which would have also referenced his qualifications and work assignments. (R. Doc. 91). HANO also objected to the RFP and interrogatory based upon vagueness. The Court sustained the vagueness objection, noting that the term "other assignments" was not adequately described.

### 4. Request for Production No. 7 / Interrogatory No. 8

Garcia's motion sought to compel Request for Production ("RFP") No. 7, which sought the procedures and protocol for performance evaluations, and the identity of the individuals responsible for conducting evaluations. (R. Doc. 91-5).

HANO's response indicated that it did not have possession of the 2005-2006 personnel manual the review process was subject to. Notwithstanding this, HANO responded that Plaintiff's personnel reviews were subject to applicable Civil Service Rules and Regulations, which were produced in response to other discovery requests. (R. Doc. 91). HANO also objected to this request on the grounds that it had already produced these documents in lump form to Garcia.

In considering the arguments of counsel, the Court found that the initial request for all of Garcia's performance evaluations, including the identity of persons involved and the criteria used in evaluating Garcia for the tenure of her employment at HANO is overbroad, as Garcia's employment with HANO dated back to 1989. The Court found that to the extent HANO had already produced performance evaluations, it need not reproduce them. The Court ordered HANO to supplement its response by correlating the bate stamps to the documents already produced in its responses no later than **fifteen** (15) **days** of the issuance of this Order.

### 5. Interrogatory No. 9

Garcia's motion sought to compel Interrogatory No. 9 which requested HANO provide

whether or not the Plaintiff's listed allegations of duties and responsibilities were true or not true. It also sought information as to who performed the duty, to whom did that person reported to and whose job description did that particular duty fall within. (R. Doc. 79-1).

HANO's objected on the basis of vagueness and relevancy, but still responded to the requests, by either admitting, denying, denying as written stating lack of sufficient information therein. (R. Doc. 91-5).

Garcia argued that the response was not vague, but provided no further reasons in support of this argument. During the hearing, Garcia argued that HANO's denials were insufficient, as it sought to determine with specificity any and all information HANO had pertaining to the duties and responsibilities of Garcia during her employment at HANO.

In considering the arguments of counsel, the Court finds that HANO's responses to Interrogatory No. 9 were sufficient. The request was therefore denied.

### 6. <u>Interrogatory No. 11</u>

Garcia's motion sought to compel Interrogatory No. 11, which sought for detailed information as to the decision making process, for each of Garcia's "employment events;" such as reviews, suspensions, demotions, terminations, reinstatements, etc., as well as all personnel involved in each of these events, for RFA numbers 3 through 21. (R. Doc. 91-5). This request also sought the specific information and documents relied upon to reach each of those decisions. *Id.*

HANO's response objected to this interrogatory of it being in excess of 25 interrogatories, without first seeking leave of court. *Id.* Therefore, it refused to answer the interrogatory.

Garcia argued that the responses were insufficient because HANO produced a stack of documents without reference to specific documents. (R. Doc. 79).

During oral argument, the Court found that Garcia's interrogatories exceeded the 25 number limit. The Court ordered HANO to supplement the documents produced in the responses as correlated to the bate stamps in the actual responses to discovery.

### 7.     Interrogatory No. 12

Garcia's motion sought to compel Interrogatory No. 12, which sought information about the eligibility criteria of the "VERI" program, an early retirement program offered by HANO betwen 2007-2009. (R. Doc. 79-1).

HANO 's response objected to this interrogatory of it being in excess of 25 interrogatories, without first seeking leave of court. (R. Doc. 91-5). As a result, HANO contends that it should not be required to respond to this interrogatory.

During oral argument, Garcia explained that she allegedly lost eligibility to participate in the early retirement program because HANO officials did not act on her paperwork. Garcia also argued that HANO should produce documents that identify, describe eligibility, terms and criteria of the VERI program.

HANO informed the Court that it remains actively searching for any documents it possesses regarding this program, but to date, it has not found any documents that show anything other than the type of benefits offered by the VERI program. HANO also argued that it has lost some of the ability to produce documents due to ongoing federal and criminal investigations with other governmental agencies, as well as destruction of records as a result of Hurricane Katrina.

The Court sustained the objection in part, but ordered HANO to supplement its response with any documents located or that may be located in the future relating to the eligibility, terms, benefits and other criteria associated with the VERI program. The Court further ordered that to the extent

the search is ongoing, or any documents are discovered, HANO must supplement its response.

### 8. Admissions

Garcia has also moved the Court to have HANO's admissions deemed admitted, pursuant to Rule 36. (R. Doc. 79-1). Rule 36 provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). If the matter is not admitted, the answer must specifically "deny it or state in detail why the answering party cannot truthfully admit or deny it." *Id.* at 36(a)(4).

After considering both parties arguments, the Court found that HANO's admissions were sufficient. Accordingly, the Court denied Garcia's request to have the admissions deemed admitted.

### 9. Sanctions

Garcia has also moved the Court for an award of attorneys fees and costs for bringing the motion, although it provides no law in support of its position. (R. Doc. 79-1). Rule 37 provides that a party who prevails on a Rule 37 motion is entitled to an award of attorney's fees unless the opposing party's conduct was "substantially justified." Fed. R. Civ. P. 37(a)(5)(A).

Moreover, in circumstances where the motion to compel was granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." *Id.* at 37(c)(5)(C). Having reviewed and evaluated the subject matter, the court finds that sanctions are not warranted.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff, Irma. N. Garcia's, ("Garcia")**Motion to Compel**

11

**Answers to Plaintiff's First Set of Interrogatories and Production Requests and to Have Requests for Admissions Deemed Admitted (R. Doc. 79)**, is **GRANTED** in part, and **DENIED** in part.

It is **GRANTED IN PART** as to Request No. 2, and Interrogatory No. 2. Defendant, HANO shall supplement its initial response, as discussed at oral argument. HANO shall supplement its response within **fifteen days** of the issuance of the Court's written Order.

It is **DENIED** as to Request No. 6 and Interrogatory No. 7. Plaintiff, Garcia shall amend its interrogatory as discussed at oral argument. Garcia shall supplement its response within **fifteen days** of the issuance of the Court's written Order.

It is **DENIED** as to Request No. 9.

It is **DENIED IN PART** as to Request Nos. 1, 7, and Interrogatory Nos. 7, 8, 11, 12, subject to HANO's supplementation of each request to state that all documents responsive to each request had been produced, as discussed at oral argument. HANO is ordered supplement each request in this manner **no later than 15 days** after the issuance of this written Order.

It is **DENIED** as to its request for "admissions be deemed admitted."

It is **DENIED** as to its request for "appropriate sanctions."

New Orleans, Louisiana, this 10th day of September 2013.

_____
 KAREN WELLS ROBY
 UNITED STATES MAGISTRATE JUDGE